# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERNIE FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-175-GKF-FHM |
| | ) | |
| CITY OF TULSA, | ) | |
| THOMAS R. FEES, | ) | |
| BENNETT E. FORREST, | ) | |
| RON PALMER, | ) | |
| MAYOR KATHY TAYLOR, | ) | |
| AND BRADLEY PIERCE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion to Set Aside Clerk's Entry of Default (Dkt. #68) of the defendant City of Tulsa ("City"). Plaintiff Ernie Fields ("Fields"), proceeding *pro se*, did not respond to the motion.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assoc., Inc., v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, at *3 (10th Cir. 1995) (citations omitted).

The City argues that due to a combination of factors including changes in the parties named in the suit and a change in staff at the City Attorneys' office, its failure to answer was "simply the result of innocent inadvertence and oversight as opposed to some type of willful, deliberate, or indifferent action." The court finds that such oversight does not rise to the level of culpable conduct. The court further finds that no prejudice will result to the plaintiff from setting aside the City's default. Finally, after examining the City's brief and Fields' complaint, it appears that the City may have a meritorious defense. Although the court cautions the City and its attorneys about allowing events such as this to transpire in the future, it finds that the City has shown good cause for the default to be set aside.

**IT IS ORDERED** that the Motion to Set Aside Clerk's Entry of Default (Dkt. #68) of the City is **GRANTED.** The City is granted twenty (20) days from the date of this Opinion and Order, or by July 6, 2011, in which to provide an Answer to Fields' First Amended Complaint (Dkt. #39).

Dated this 16th day of June 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma